IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos. 6:15-cr-000344-AA-1 |
| | 6:15-cr-00345-AA-2 |
| Plaintiff, | 6:15-cr-00346-AA-2 |
| vs. | **OPINION AND ORDER** |
| LARRY ALAN LARSEN, | |
| Defendant. | |

AIKEN, District Judge:

Before the Court is defendant Larry Alan Larsen's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 52[1]). The Court held oral argument on the motion on May 4, 2021. Doc. 58. For the following reasons, the motion is DENIED.

## STANDARDS

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Compassionate release under § 3582(c)(1)(A) provides an exception in rare cases. Until 2018, § 3582 allowed compassionate release only upon a motion by the

---

[1] All record citations in this Opinion are to the docket in Case No. 6:15-cr-00344-AA-1.

Page 1 – OPINION AND ORDER

Bureau of Prisons ("BOP"). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "extraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" If the court finds that those conditions are met, before granting a sentence reduction, it must "consider[] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]"  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Keller*, ___ F. 4th ___, 2021 WL 2695129, at *5 (9th Cir. July 1, 2021) (per curiam) ("[A]lthough a district court must perform this sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step." (Emphases in original.)).

The Sentencing Commission's policy statement regarding sentence reductions under § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical conditions, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). It

also requires courts to find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" *Id.* § 1B1.13(2). But this policy statement, which has not been updated since the First Step Act amended § 3582(c)(1)(A), only applies to motions filed by the BOP Director on behalf of a defendant. *United States v. Aruda*, 933 F.3d 797, 802 (9th Cir. 2021). On a defendant's direct motion for compassionate release, the policy statement "may inform a district court's discretion . . ., but [it is] not binding." *Id.* As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

In March 2017, the Court sentenced defendant to 108 months' imprisonment and 3 years' supervised release in three related cases following his guilty pleas to conspiring to steal government property and being a felon in possession of a firearm. Docs. 31, 33. Defendant is incarcerated at the Federal Correctional Institution ("FCI") at Sheridan and has a projected release date of May 18, 2023.

Defendant asserts that he submitted a request for compassionate release to the warden of FCI Sheridan on June 1, 2020, before filing this motion with the Court on April 13, 2021. Because more than 30 days have elapsed since the request was submitted, and the government has not raised an administrative exhaustion objection, this motion is properly before the Court. *Keller*, 2021 WL 2695129, at *4.

Defendant asks the Court to reduce his sentence to time served. He asserts that his risk of severe illness or death from COVID-19, coupled with the severe

conditions he endured during COVID-19 lockdowns, his inability to participate in drug treatment while incarcerated, and his record while incarcerated present extraordinary and compelling reasons for this sentence reduction. Defendant is 50 years old, with a body mass index ("BMI") of 33.7 kg/m$^2$ and hypertension. Like most people in BOP custody, defendant spent the majority of 2020 in 21- and 23-hour lockdowns, with almost no programming. During his incarceration, defendant has had no discipline. Before the pandemic, defendant completed his GED along with over 150 hours of programing, earned the National Career Readiness Certificate, and worked full-time in the commissary. Although he has a long history of substance abuse and has expressed an interest in participating in drug treatment while incarcerated, defendant has been on the waiting list for the non-residential drug abuse program since 2017 and was told he was not eligible for the residential program because of his firearm-related offense. Defendant proposes release to the Northwest Regional Reentry Center, where he can receive drug treatment and participate in the Eugene Reentry Court.

Although defendant's age, BMI, and heart condition increase his risk of severe illness or death from a COVID-19 infection, he has been fully vaccinated since March 25, 2021. *See People with Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL & PREVENTION: COVID-19 (May 13, 2021) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 20, 2021). When defendant filed this motion in April 2021, BOP was reporting one active, confirmed COVID-19 infection among inmates. *See Facility-Level BOP*

Page 4 – OPINION AND ORDER

*COVID-19 Trends*, U.S. DEP'T OF JUST. OFF. OF INSPECTOR GEN. (OIG) (updated Feb. 20, 2021), https://experience.arcgis.com/experience/ab22fb4c564e4f4b986e257c685190e8/page/page_2/ (last visited July 19, 2021) (OIG interactive dashboard with data relating to COVID-19 within BOP). By the time of the hearing, BOP reported no active, confirmed infections. *Id*. FCI Sheridan experienced an outbreak in early June, which peaked at 33 active, confirmed infections on June 14, 2021, but those numbers have dropped back to zero as of July 6, 2021. *Id*. Given defendant's vaccination status and FCI Sheridan's track record of preventing and controlling COVID-19 outbreaks during the pandemic, the Court cannot find that defendant's risks associated with COVID-19 presents an extraordinary and compelling reason for a sentence reduction.

This Court has acknowledged that the length of a defendant's sentence can present extraordinary and compelling reasons for relief when changes in the law create disparities between the defendant's sentence and the sentence the court would impose under current sentencing laws. *See United States v. Ceballos-Castillo*, No. 6:18-cr-00614-AA, 2021 WL 1818483, *3 (D. Or. May 6, 2021). This case, however, does not present similar circumstances. The 108-month sentence that this Court imposed was part of a global resolution in which the District Attorneys for four Oregon counties agreed to drop charges for illegal firearms possession, theft, unlawful use of a vehicle, and criminal mischief that defendant allegedly committed between January 1, 2015 and July 20, 2015.

Finally, though the Court agrees that the pandemic and lockdown conditions have made defendant's incarceration harsher than the Court could have anticipated

and, by limiting defendant's access to programming, have undermined the rehabilitative goals of sentencing, the conditions experienced by defendant have not been so severe or unusual that they constitute extraordinary and compelling reasons for release. Instead, defendant's arguments are more appropriately addressed under considerations of applicable sentencing factors under § 3553(a), which this Court need not reach absent a finding of extraordinary and compelling reasons.

Nevertheless, the pandemic conditions and defendant's exceptional efforts at rehabilitation do not outweigh defendant's history and characteristics or the nature and circumstances of his underlying offenses. Defendant's criminal history includes 22 state felony convictions, mostly theft- and drug-related, dating back to when defendant was 18 years old. He committed the underlying offenses within a year of his release from state prison after serving 5 years of a 9-year sentence for thefts in three Oregon counties. At the time, he was still on supervision for his state convictions, was using methamphetamine, and was supplying it to his co-conspirators. The underlying offenses were also a part of a spree in which defendant and his co-conspirators stole a boat and truck before breaking into a Bureau of Land Management facility to steal a tractor and trailer. And as mentioned, defendant's 108-month sentence was part of a global resolution of charges pending in four Oregon counties. Considering all relevant sentencing factors, the amount of time that defendant has currently served would not be sufficient to comply with the purposes of sentencing.

Although the rare and extraordinary nature of compassionate release constrains the Court's ruling on the present motion, the Court commends defendant for the work he has done to better himself while incarcerated and for the insight he showed at the release hearing. The Court recommends that BOP transfer defendant to a residential reentry center ("RRC") at the earliest practicable time to allow him the maximum amount of time in community corrections for his transition out of custody and back into the community. *See Sacora v. Thomas*, 628 F.3d 1059, 1061–62 (9th Cir. 2010) (recognizing that 18 U.S.C. §§ 3621(b) and 3624(c) "govern the BOP's authority to place inmates in its custody in RRCs"); 18 U.S.C. § 3621(b)(4)(A)–(B) (authorizing BOP to "designate the place of the prisoner's imprisonment" upon consideration of, in pertinent part, "any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted; or recommending a type of penal or correctional facility as appropriate").

## CONCLUSION

Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 52) is DENIED without prejudice to its renewal if circumstances change.

IT IS SO ORDERED.

Dated this  21st  day of July 2021.

_____/s/Ann Aiken_____
Ann Aiken
United States District Judge